2s 147
103 374

## LUCAS v. THE BANK OF GEORGIA.

1. A corporation created in another State, may sue in this State.
2. To establish the existence of an incorporated Bank in another State, a copy of its charter, and parol proof of its being in operation, will be sufficient.
3. Where a suit is instituted by a corporation, can the authority of the attorney who institutes it, be inquired into? *Quære.*
4. Profert of the authority of the attorney being made in the declaration, the defendant, by pleading the general issue, waves the right to inquire into it, if such right did previously exist.

THE President, Directors, & Co. of the Bank of Georgia, by their attorneys in fact, G. R. Clayton and E. Cary, brought an action of assumpsit, in Montgomery Circuit

Court, in August 1825, against Henry Lucas, to recover on a note made by him for $1680, dated the 14th June, 1820, and payable at six months, to the order of John Lucas, at the Branch Bank of the State of Georgia, in Milledgeville. The note was indorsed by John Lucas, to one S. Goodall, and by him to the plaintiffs. The plaintiffs declared by attorney, and made profert of the letters of attorney under which their agents acted; and the defendant pleaded the general issue. At March term, 1826, the issue was tried, and a verdict was found for the plaintiffs.

The defendant, on the trial, required the production of the warrant of attorney or authority by which the suit was instituted, and moved the Court to *non pros* the plaintiffs, if it was not produced. The Court overruled the motion, being of opinion, that at that stage of the cause, no authority was necessary to be produced. The plaintiffs produced the note and an authenticated copy of the act, incorporating the Bank in Georgia. They also proved by the deposition of a witness, that a Branch of the Bank of the State of Georgia, was established in the town of Milledgeville, and was in operation before the date of the note sued on, and was still in operation. This was all the evidence offered of the existence of said corporation. The defendant objected to the admissibility of the evidence, and also requested the Court to charge the jury, that it was insufficient to shew that the plaintiffs were a body corporate, and to entitle them to sue in this action. But the Court ruled that it was admissible and sufficient. To all which the defendant Lucas excepted, and he now assigns those several decisions of the Court below, as errors.

HITCHCOCK, GOLDTHWAITE and THORINGTON, for the plaintiff in error.

ROCKWELL, GORDON and BUGBEE, for the appellees.

By JUDGE COLLIER. In the argument of this cause, three points were made by the plaintiff in error.

1st. That the warrant of attorney, or other authority, by which the corporation was represented in the Court below, should have been produced. 2d. That there was no legal proof that the plaintiffs were a corporation. 3d. That a foreign corporation cannot sue in the Courts here.

When the cause was called for trial, and before the de-

claration was read to the jury, the defendant below moved the Court to require the production of the warrant of attorney, or other authority, by which the plaintiff was represented there, and in default of its production, called upon the Court to *non pros* the plaintiff.

This Court, in Gains *et al. v.* the Tombeckbe Bank, [a] after speaking of the manner of appointing attorneys to appear in Court, by corporations and natural persons, employ this language: "But is there any reason for requiring this authority to appear in a suit, by a corporation, more than in one by a natural person. In either case, the authority of the attorney rests with the party he represents, and the Court. The adverse party has no right to question it. The corporation cannot act *in pais*, but by its common seal, but as much as a natural person, is estopped from denying the acts of its attorney of record." Without permitting ourselves to scan the opinion pronounced by the Court in that case, with a view to its regal correctness, we are willing that the doctrine of *stare decisis* shall control our opinion upon this point, until we shall be satisfied that great injustice will result from its continued recognition.

[a] Minor's Ala. Rep. 50,

If however it were conceded, that an attorney professing to represent a corporation should be required to produce the warrant of his appointment, we would say, that in this case it had been admitted, or the right to demand its production waved *by pleading the general issue.*

The note on which this action is bronght, is payable to John Lucas, at the Branch Bank of the State of Georgia, in Milledgeville. To prove the existence of the corporation, the plaintiff offered in evidence in the Court below, the act of incorporation passed by the Legislature of Georgia, authenticated pursuant to the act of Congress; and a deposition, which conduced to prove the establishment of a Branch of the Bank of the State of Georgia, in the town of Milledgeville, before the date of the defendant's note; and that it was still in operation. The defendant moved the presiding judge to instruct the jury, that the evidence was not sufficient to show that the plaintiff was a body politic, which instruction was refused. The act of incorporation created a body politic, by the name and style of "the Preident, Directors and company, of the Bank of the State of Georgia," and gave to them the right to commence Banking operations, so soon as a certain amount of stock should be subscribed and paid for; and

JULY 1829.

Lucas
v.
The Bank of
Georgia.

*a* 8 Johnson's
Reports 378
marg. page.

authorized "the President, Directors & Co." in six months thereafter, to establish an Office, or Branch, for purposes of discount and deposit, at Milledgeville.

It was certainly a part of the proof of the plaintiff below, to make out his right to sue, by adducing evidence as to a corporative character. *a* Proof that the Bank had commenced business, was evidence, *prima facie*, that the conditions on which the charter was to become operative, had been performed. The commencement of business by the Branch, as shewn by the deposition of the witness, when coupled with the charter, is evidence that the principal Bank had an actual existence; for unless it had, the Branch had no legal being.

The books of the Bank would not be the best evidence to shew the amount of stock subscribed and paid for, and it may well be questioned whether they would have been evidence at all, against the defendant below. They are the private papers of the Bank, with which he has had no concern, and I should therefore apprehend that he

*b* 1 Starkie 298.

could not be concluded as to the facts they exhibited, *b* unless he was a member of the corporation.

If the note had been made directly to the Bank, no evidence could have been required to prove the actual existence of the corporation, since it would thereby have been admitted. As the note is only payable at, and not to the Bank, the question may perhaps be varied. But the testimony which went to the jury, being deemed sufficient on this point, it is unnecessary for the Court to express an opinion upon the effect of the recital in the note.

*c* 2 Randolph
471. 1 Strange
612. 2 Strange
807. Christy's
Dig. (Louisiana,) title corporation.
4 Johnson's
Ch. Rep. 370.

With regard to the last point, this Court is of opinion, that the plaintiffs might maintain an action in the Courts of this State. *c* In fact, so far as our researches have extended, the question never seems to have been seriously agitated. The cases of foreign administrators and executors, and of commissioners of foreign bankrupts, to which the plaintiff in error has refered as analogous in principle, seem to us to be entirely dissimilar. The reason why these cannot maintain actions in our Courts, is because their appointment, which is designed to operate a transfer of the credits and effects of those they represent, cannot have that effect *extra territorium*. The laws here, have a control over their property as against a foreign assignment by act of law, and will exercise that control with a view to the benefit of resident creditors. In the present case, the debt accrues to the Bank in Georgia, by the act

of the maker of the note, and not of the law, and cannot be discharged by his withdrawal without the jurisdiction of that State. No act of his, independent of, and unauthorised ·by his creditors, can impair his legal and moral obligation to pay the debt.

The defendant in error does not ask to be permitted to interfere with the legal rights and immunities of our citizens, but only invokes the remedy which we give to them, for the attainment of an undisputed right, or if disputed, only by the debtor. Great Britain, in periods of war, has closed her forums against an alien enemy; but in times of peace, they are always open to foreign creditors, whether natural or artificial persons. The Dutch trading companies have prosecuted their rights there, and doubtless other foreign corporations have done the same.

Apart from other arguments, this Court would find itself constrained, by considerations of international comity, to accord a permission to the corporation of another government to prosecute suits in our Courts, and more especially when, by doing so, the rights of our own citizens would not be affected.

The Court can discover no error in the case as presented.

Judgment affirmed.

JUDGE TAYLOR presided below, and did not sit.