## ESLAVA *vs.* AMES PLOW COMPANY.

[ACTION BY FOREIGN CORPORATION, ON COMMON COUNTS.]

1. *Foreign corporation; action by.*—A foreign corporation is entitled to sue in the courts of this State ; and if the complaint describes the plaintiff as a "corporate body duly incorporated by the laws of Massachusetts," the description is sufficient after judgment by default.

2. *Same; security for costs; practice in Mobile circuit court.*—The rule of practice adopted by the judge of the circuit court of Mobile, under the authority conferred on him by the 4th section of the act "to regulate the practice in the circuit court of Mobile county," (Session Acts 1869–70, p. 209,) which forbids attorneys to become securities for costs, is not applicable to a suit which was commenced before the adoption of the act.

3. *Same; same; exception necessary.*—In an action commenced by a corporation, the failure to give security for the costs, as required by the statute. (Rev. Code, § 2804,) is not available on error, unless objection was raised in the court below, and an exception reserved.

4. *Return of service of summons and complaint.*—A return of service of a summons and complaint, issued from the office of the clerk of the circuit court of Mobile in January, 1870, signed "A. M. Granger, S. M. C., B. H. Hamilton, D. S.," shows a sufficient service by the sheriff, by his deputy.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

Eslava v. Ames Plow Company.

The action in this case was commenced on the 19th of January, 1870; the complaint being as follows :

"AMES PLOW COMPANY vs. CELESTINE ESLAVA, Late partner in firm of Elder & Eslava. | Circuit Court, Spring Term, 1870. The plaintiff, the Ames Plow Company of Boston, a corporate body duly incorporated by the laws of the State of Massachusetts, claim of the defendant, who was a partner with one James Elder in the firm of Elder & Eslava, $1,097.20, due from said firm of Elder & Eslava, by account, on the 16th day of February, 1867; also, the further sum of $1,097.20, for merchandise, goods, and wares, sold by plaintiff to said firm of Elder & Eslava, at their request, from December 31, 1866, to February 16, 1867, at sundry times; also, the further sum of $1,097.20, on an account stated between plaintiff and said firm of Elder & Eslava, on 16th February, 1867. Plaintiff claims, also, the interest due on said several sums."

The acknowledgment of liability for the costs, endorsed on the summons and complaint, was signed by " T. N. & M. E. Macartney," who were the plaintiff's attorneys; and the return of service was signed thus: "A. M. Granger, S. M. C., B. H. Hamilton, D. S." On the 5th May, 1870, a judgment was rendered in the cause, in these words: "This day came the plaintiff, by attorneys; and the defendant having failed to file her plea herein, as required by law, it is considered, that the plaintiff have and recover of the defendant; but, as it is unknown to the court what damages have been sustained, let a jury come, and assess the same." On a subsequent day of the term, a writ of inquiry was executed, and the jury returned a verdict, assessing the plaintiff's damages at $1,368.14; and judgment final was thereupon rendered for the plaintiff, for that amount.

The errors assigned are—" 1st, that there is no personal plaintiff; 2d, that the supposed company, called a plow company, are residents of the State of Massachusetts, and their attorneys and counsellors are sureties for the costs;

3d, that the return is by one 'B. H. Hamilton, D. S.,' without saying what it means, or who he is; 4th, that the judgment by default is rendered without any authority of law."

ALEX. McKINSTRY, for appellant.

T. N. & M. E. MACARTNEY, contra.

B. F. SAFFOLD, J.—The appeal is upon the record only, without a bill of exceptions.

1. A corporation is a person for the purpose of a suit. Rev. Code, § 1; Const. Art. XIII, § 15.

2. By an act of the legislature "to regulate the practice in the circuit court of Mobile county," approved February 28, 1870, and Rule 14, made in pursuance of it by the judge of that court, no attorney, or officer of the court, is permitted to be surety for costs, or surety on any bond required to be given in any case in that court. In this case the rule is inapplicable, as the suit was commenced before the passage of the act.

3. Even if it was applicable, the judgment entry recites that the defendant, who is the appellant, failed to file her plea; leaving it uncertain whether the judgment should be regarded as one by default, or by nil dicit. It is unnecessary to determine what the presumption should be. Section 2804 of the Revised Code, in requiring corporations to give security for the costs, directs that, on failure to do so, the suit, on motion of the defendant, must be dismissed. The requirement seems to be one for the benefit of the defendant, which he may waive; and this view is strengthened by the provision of section 2806 of the Revised Code, making the attorney who directs the issue of the summons, without such security, and the clerk issuing it, liable to the defendant, on motion, for the costs of the suit. In the Tuskaloosa Wharf Co. v. Mayor, &c., of Tuskaloosa, (38 Ala. 514,) it was held that, notwithstanding a motion to dismiss was made and overruled, the objection can not be made in this court without an exception. As the statute only requires the suit to be dismissed on the motion of the

defendant, we decide that the objection can not be made for the first time in this court, whether the judgment is by default or not.

4. The summons and complaint appear to have been executed by the sheriff by B. H. Hamilton, D. S. This is sufficient.—*Briggs & McClure v. Greenlee*, A. R. 123.

The judgment is affirmed.