# Alabama Western Railroad Co. v. Talley-Bates Const. Co.

## Assumpsit.

(Decided June 30, 1909.—50 South. 341.)

1. *Corporations; Foreign Corporations; Doing Business in the State.*—A foreign corporation who has not complied with the requirements of sections 3642 and 3644, Code 1907, is prohibited from doing a single act of business within the state if done in the exercise of a corporate function.

2. *Same; Right to Sue.*—A foreign corporation cannot sue in the courts of this state until it has put itself in a position to be sued therein by complying with sections 3642 and 3644, Code 1907.

3. *Same.*—Where a foreign corporation contracts outside of the state to construct a railroad within the state, the contract providing that any sub-letting should not relieve the contractor from liability but that any sub-contractor should be considered the contractor's agent, the fact that thereafter the principal contractor let the work to independent contractors, which letting was done in another state, did not relieve the principal contractor of its violation of sections 2642 and 2644, Code 1907, so as to entitle such foreign contractors to sue for money due under the contract.

4. *Same; Contracts; Doing Business Without Permission.*—A contract to pay for an act or service promised to be done or performed by foreign corporations who have not complied with the provisions of sections 3642 and 3644, Code 1907, cannot be enforced in the courts of this state, so long as it remains executory.

5. *Same; Compliance With Law; Time.*—Before a foreign corporation does any act towards the performance of a contract for railroad construction in the state of Alabama, it is the duty of such foreign corporation to comply with sections 3642 and 3644, Code 1907.

6. *Master and Servant; Independent Contractor.*—An independent contractor is one who renders service in the course of an independent occupation, representing the will of his employer only as to the result to be attained and not as to the means or details by which it is to be accomplished.

7. *Same.*—Where the contract provided that in case of subletting the original contractors should remain liable to the other party as

[Alabama Western Railroad Co. v. Talley-Bates Const. Co.]

though no such transfer or subletting had been made, and that the subcontractor should be considered as the original contractor's agent, the original contractor had more than a mere pecuniary interest in the work, and the persons to whom portions of the work were let were not independent contractors.

8. *Courts; Supreme Courts; Preparation of Opinion; Designation of Judge; Waiver.*—Where appellee's counsel addressed a judge as a member of this court with a request for an early decision stating the reasons therefor, knowing that such judge had not head the oral argument, but had been designated to prepare the opinion, appellee waived his right to have the opinion written by a member of the court who had heard the oral argument, and was not entitled to a reargument, as provided by section 4628, Code 1907, even if it be conceded that such section is valid.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by the Talley-Bates Construction Company against the Alabama Western Railroad Company to recover price of construction work in the building of said road. There was a judgment for plaintiff and defendant appeals. Reversed and remanded.

J. M. DICKINSON, BLEWETT LEE, and PERCY & BENNERS, for appellant. The contract in this case is entire. Full performance on its part constituted the defendant's promise to pay. The provisions for payment in installment and at so much per yard, does not affect the contract's entirety.—*Kirkland v. Oates*, 25 Ala. 465; *Partridge v. Forsythe*, 29 Ala. 200; *Martin v. Massey*, 127 Ala. 504; *W. Lbr. Co. v. Sullivan Loggin Co.*, 120 Ala. 558; 30 A. & E. Ency. of Law, 1207; 34 Pac. 677; 80 N. W. 450; 62 N. W. 408; 59 Am. St. Rep. 272; 94 S. W. 191. It is unlawful for a foreign corporation to do any business in Alabama without first complying with the constitutional and statutory provisions imposing conditions for the doing of business in this state by foreign corporations. No rights growing out of such business can be enforced.—Sec. 232, Const. 1901; Secs. 3642-3-4, Code 1907; *Armour Packing Co. v. Vinegar B.*

L. Co., 42 South. 866; *State v. Bristol Sav. Bank,* 108
Ala. 3; *Hancey v. Southern H. & B. & L. Assn,* 140 Ala.
244; *Farrior v. N. S. Mfg. Co.,* 88 Ala. 275; *Chattanooga
B. & L. Assn. v. Denson,* 189 U. S. 408; 19 Cyc. 1890-
1900. If the act done is within the corporate powers of
the corporation, the doing of such act constitutes the do-
ing of business within the meaning of the provision of
the constitution and statutes.—*Sullivan v. Sullivan T.
Co.,* 103 Ala. 371. The contract sued on is executory.—9
Cyc. 244; Bishop on Contracts, sec. 623. If the plain-
tiff did not comply with the Alabama laws prior to the
time it undertook to perform the contract, it may not
recover.—187 U. S. 611; 113 N. W. 730; 11 L. R. A. (N.
S.) 1145; 53 Atl. 533; 111 Am. St. Rep. 511. Subse-
quent compliance is not sufficient.—*Mullins v. Am. F.
M. Co.,* 88 Ala. 280; *Sullivan v. Vernon,* 121 Ala. 393;
*Am. Assn. v. Haley,* 132 Ala. 135; *Am. Co. v. Eureka
Bazar,* 9 L. R. A. (N. S.) 1176. If the complaint shows
that recovery is sought by a foreign corporation on a
cause of action arising in Alabama and fails to show
a compliance with the laws of Alabama, demurrer will
lie.—Authorities next above. Under an action on the
contract, plaintiff cannot recover for any of the work
if part of it was done in violation of law.—*Wadsworth
v. Benham,* 117 Ala. 661; *Pacific G. Co. v. Mullins,* 66
Ala. 582; *Folmer v. Siler,* 132 Ala. 297; *Pettitt v. Pet-
titt,* 32 Ala. 288; *Sims v. Ala. B. Co.,* 132 Ala. 311; 101
U. S. 108; 33 C. C. A. 274; 4 L. R. A. 466; 36 L. R. A
174; 9 Cyc. 566. Under the terms of the contract be-
tween plaintiff and defendant and by virtue of the re-
lation which necessarily exists between the principal or
master and the independent contractor, plaintiff's do-
ing business in Alabama through sub-contractors con-
stituted such a doing of business in Alabama by plain-
tiff as necessitated its qualifying.—*Montgomery Gas*

[Alabama Western Railroad Co. v. Talley-Bates Const. Co.]

*Light Co. v. Montgomery, etc., Ry. Co.,* 86 Ala. 372; *Montgomery St. Ry. v. Smith,* 39 Sou. Rep. 757-761; *Water Co. v. Ware,* 16 Wall, 566; *Mayor, etc., of Birmingham v. McCary,* 84 Ala. 469- 472; *Chicago Board of Trade v. Hammond Elevator Co.,* 198 U. S. 424; 49 L. Ed. 1111. The transaction in this case did not constitute interstate commerce.—*Henderson Bridge Co. v. Kentucky,* 166 U. S. 150, 41 L. Ed. 953; *Diamond Glue Co. v. United States Glue Co., supra.* The validity of a contract is determined by the law of the State where it is to be performed. If violative of the policy of such State it will not be enforced.—*Hawley v. Bibb,* 69 Ala. 52. A contract made out of a State to do business in that State contrary to the laws of that State is void.— *Swing v. Munson,* 58 L. R. A. 223; *Seamans v. Temple Co.,* 28 L. R. A. 430; *Swing v. Cameron,* 9 L. R. A. (N. S.) 417; 145 Mich., 175; 108 N. W. 506; 3 Page on Contracts, section 1739.

C. H. TRIMBLE, ALMON & ANDREWS, S. O. BATES, and SAMUEL D. WEAKLEY, for appellee. The making of the contract, made as it was in Illinois, did not constitute doing business in Alabama.—*Electric L. Co. v. Rust,* 117 Ala. 680. The corporation did not engage in business within the state.—*Beard v. Pub. Co.,* 71 Ala. 60; *Sullivan v. Sullivan T. Co.,* 103 Ala. 371; *International C. S. Co. v. Wheelock,* 124 Ala. 267; *State v. Anniston Rolling Mills,* 125 Ala. 121. The work was done through independent contractors, and not by the plaintiff.—2 Kent's Comm. 260; Andrews Am. Law, sec. 614; *Hughes v. Ry. Co.,* 39 Ohio St. 461. An independent contractor is never an agent or servant.—*Blake v. Ferris,* 55 Am. Dec. 301; *Brackett v. Lugke,* 4 Allen, 138; *Clarks v. H. S. & R. R. Co.,* 36 Mo. 218; *Berry v. City of St. Louis,* 17 Mo. 121; *Railroad v. Cheatham,* 118 Tenn.

173. The relation of master and servant does not exist between the employer and the servant of an independent contractor.—29 Cyc. 791. The principal is the same between contractor and sub-contractor.—*Cuff v. Railway*, 35 N. J. L. 28. Though a person, be an agent of a corporation and be in this state, and be acting for the corporation in some particular, unless you had power to bring the corporation into relation with third person, to bind it by his acts, and also be performing corporate functions on behalf of the corporation, the corporation does not do business through him.—*Sullivan v. Sullivan T. Co., supra; International C. S. Co. v. Wheelock, supra; State v. Anniston R. Mills, supra; Abraham Bros. v. Southern Ry.*, 42 South. 837. Where a contract is open to two constructions, one lawful and the other unlawful, the former must prevail.—117 U. S. 567; 118 U. S. 236; 27 L. R. A. 363; 128 Mo. 245; 120 Mass. 501; 72 Wis. 157; 30 Fed. 29; 4 M. & W. 654; 6 Q. B. 989. Illegality of consideration will not be inferred.—*Gunter v. Lecky*, 30 Ala. 591. Unless its illegal acts cannot be separated from the legal, plaintiff will not be precluded from recovery.—*Sims v. Ala. Brew. Co.*, 132 Ala. 313. The test is, with regard to such acts, whether it is necessary for the plaintiff to make such proof, to make a prima facie case.—*Alabama Railroad Co. v. McAlpine*, 71 Ala. 545; *Yarborough v. Avant*, 66 Ala. 526; *Johnson v. Smith*, 70 Ala. 118; 9 Cyc. 556; *Armstrong v. Bank*, 133 U. S. 469; *Welch v. Wesson*, 6 Gray 305; *Holt v. Green*, 73 Pa. State 198-201. None of these acts constituted business, because they were not a part of the work of building the railroad. The subsequent contract for the Myers work does not preclude a recovery. An illegal contract, entered into for the purpose of modifying or discharging a prior legal contract, will not prevent the enforcement of the prior con-

tract.—*Ware v. Curry*, 67 Ala. 274; *Ogden v. Barber*, 18 Johns, 87; *Johnson v. Johnson*, 11 Mass. 359; *Cook v. Byrnes*, 36 N. W. 496; *Johnson v. Smith*, 70 Ala. 108; *Yarborough v. Avant*, 66 Ala. 526; *Philadelphia Loan Co. v. Towner*, 10 Conn. 249; *Harvey v. Morey*, 22 Col. 412. A contract originally valid remains so and stands unaffected by any subsequent arrangement, which is utterly void.—*Hasbrook v. Tappan*, 15 Johnson 205; *Meshky v. Vandoran*, 16 Wis. 326; *Baker v. Storcy*, 36 Mass. 496; *Eastman v. Portan*, 14 Wis. 39. A waiver is defined by this court as the intentional abandonment of a known legal right.—*Calfield v. Finnegan*, 114 Ala. 48. "To waive is to give up, to abandon, to relinquish. It leaves the thing abandoned, as though it had never been." The provision that written assent shall be required before any work is sublet, may be waived.—*Danforth v. Tennessee, etc., Ry. Co.*, 93 Ala. 614. The proposition made at Haleyville did not avoid the contract.—*Butler v. Lee*, 11 Ala. 885; *Flannigan v. Myer Co.*, 41 Ala. 132; *Aldridge v. Bank*, 17 Ala. 45; *Eslava v. Building & Loan Assn.*, 121 Ala. 480. There was no such supervision or control here as made the sub-contractors servants or agents.—*Railroad Co. v. Cheatham*, 118 Tenn. 181; *Casement v. Brown*, 148 U. S. 622; *Rogers v. Brown*, 31 S. C. 378; *Boyd v. Railroad Co.* (Ill) 75 N. E. Rep. 496. A corporation retaining the right to supervise an independent contractor, to see that the contract is performed according to its terms, does not in such supervision exercise its charter powers, so as to make the contractor an agent or servant of the corporation.—*Boyd v. Railroad*, 75 N. E. Rep. 496. To destroy the relation of independent contractor, the reserved control must be both general and special, and not only as to what work should be done, but also how it should be done.—*Rogers v. Railway Co.*, 31 S. C. 388.

SAYRE, J.—All other counts of the complaint having been eliminated by various rulings of the court below and the action of the plaintiff, who is appellee here, this case went to the jury upon the tenth count alone. One defense, much relied upon, was that 'the plaintiff, being a foreign corporation, had not, at and before the time of its alleged partial performance of the contract between the parties out of which the suit arose, complied with that statute of the state which requires, under penalty, that every corporation not organized under the laws of this state, shall, before engaging in or transacting any business in this state, file an instrument in writing in the office of the Secretary of State designating at least one known place of business in this state and an authorized agent or agents residing thereat.—Code 1907, § 3642. In section 3644 it is provided that it is unlawful for any foreign corporation to engage in or transact any business in this state before filing the written instrument provided for in section 3642. These statutes were passed in aid of well-known constitutional provisions to the same effect.—Const. 1875, art. 14, § 4; Const. 1901, § 232. Some propositions in connection with these constitutional and statutory provisions have been settled by the decisions of this court. They constitute a police regulation for the protection of the property interests of the citizens of the state, as much so "as the law forbidding vagrancy among its inhabitants."—Am. Union Tel. Co. v. West. Union Tel. Co., 67 Ala. 26, 42 Am. Rep. 90. The doing of a single act of business, if it be in the exercise of a corporate function, is prohibited. The policy of the Constitution and statute is to protect our citizens against the fraud and imposition of insolvent and unreliable corporations, and to place them in an attitude to be reached by legal process from our courts in favor of citizens having cause

of complaint. Foreign corporations may not sue until they put themselves in a position to be sued in domestic courts.—*Farrior v. New England Mfg. Co.*, 88 Ala. 275, 7 South. 200. The conditions are fixed, inflexible, and unalterable.—*Sullivan v. Timber Co.*, 103 Ala. 371, 15 South. 941, 25 L. R. A. 543. A contract to pay for an act or service promised to be done or performed in violation of this statute is illegal, and, as long as it is executory, the courts will not lend their aid to its enforcement.—*Dudley v. Collier*, 87 Ala. 431, 6 South. 304, 13 Am. St. Rep. 55.

Evidently with this statute and these decisions in mind, the pleader in framing the tenth count set himself to the statement of a cause of action which would be beyond the reach of a demurrer asserting their unfavorable application to his case. Under a caption which discloses that the plaintiff is a corporation, without more, it is averred that the parties entered into a contract in the city of Chicago, state of Illinois, by which plaintiff undertook and agreed to build a railroad in the state of Alabama for a compensation to be paid by the defendant; the amount depending upon the quality of earth and rock moved. The allegation then is that in the execution of the contract the plaintiff sublet the work to sundry independent contractors, agreeing to pay them for their work. These contracts of subletting were entered into at Memphis, Tenn., and there, as the count alleges, became effective and binding between the parties thereto. Then follows an allegation, to epitomize it, to the effect that the subcontractors had performed a large part of the work, and had continued to perform it until the defendant refused to pay installments as agreed, whereupon the plaintiff ceased work under the contract. The count seeks to recover a balance due upon the work done, and is a count upon the

contract. Nowhere does it appear that the plaintiff was a foreign corporation, and therefore the demurrer, which took the point that the plaintiff had engaged in the work of building the ralroad in contravention of the Constitution and laws hereinabove set out, was properly overruled.

The defendant interposed the same defense in the shape of a plea designated as "NN." This plea averred that the plaintiff was a corporation chartered under the laws of the state of Tennessee for the purpose, among other things, of building railroads for other persons or corporations; that it entered into the contract counted on; that in the execution of it the plaintiff did business in the state of Alabama; and that prior to so doing it had not filed an instrument in writing in the office of the Secretary of State of Alabama designating a known place of business in this state and an authorized agent or agents residing thereat. The demurrer to this plea went upon the theory, mainly, that the fact that the work in Alabama had been done by independent subcontractors relieved the plaintiff of the charge of having offended against those provisions of the Constitution and law to which reference has been made. As it appears to us, this is much, if not altogether, the same thing as to say that the plaintiff may maintain its suit upon the contract by which it undertook to build the railroad, at the same time maintaining, in order to obviate the defense interposed, that it did not do the building. The appellee will not, of course, concede that its contention is fairly capable of statement in this shape; but we believe a consideration of its true inwardness will show it to be in effect, if not in form, nothing more. The cases of *Beard v. Publishing Co.*, 71 Ala. 60, *Sullivan v. Timber Co.*, 103 Ala. 371, 15 South. 941, 25 L. R. A. 543, *International Cotton Seed Co. v. Wheelock*, 124

Ala. 367, 27 South. 517, *State v. Anniston Rolling Mills,* 125 Ala. 121, 27 South. 921, and *Abraham v. Southern Ry.,* 149 Ala. 547, 42 South. 837, except for the general test laid down, which was that there must be a doing of some of the works, or an exercise of some of the functions for which the corporation was created, contribute nothing to the solution of the question here raised. Those cases merely held that the doing of the certain several particular acts there shown did not measure up to the test—did not constitute the performance of the functions for which the corporations were chartered.

In the case under consideration the plea avers that the cause of action declared on arose out of a contract for the building of a railroad in Alabama, and that the plaintiff corporation was organized in the state of Tennessee for the purpose of building railroads for other persons and corporations. The averments of count and plea taken together, plaintiff's avenue of escape from the conclusion that it violated the statute is to be found in its asserted proposition that the building of the railroad was the act of the subcontractors only, and not the act of plaintiff, within purview of statute and Constitution. Accordingly the demurrer took the point that the plea was bad, because it did not deny the averment that the work had been done by independent subcontractors; and now the argument is that the subcontractors were not the agents of the plaintiff, for the reason only that they were contractors and were independent. It might well be considered that the plaintiff closed the door upon this contention when it entered into the contract; for the contract, which is set out in extenso in the count, stipulated that "the contractor shall not be relieved under any circumstances from the immediate charge and responsibility of the work, and no part thereof shall be transferred or sublet to any person or persons, except

by the written consent of the railroad company. In case such consent is given, it shall not relieve the contractor from any of the obligations of this contract, and any transferee or subcontractor shall be considered as the agent of the contractor, and as between the parties hereto the contractor shall be and remain liable as if no such transfer or subletting had been made." We make no point here that the contract was not assignable with the subsequently given verbal or implied consent of the defendant. The averment of the count is, not that there was an assignment, but that there was a subletting. But, looking at the question from the standpoint taken by the state when it adopted the constitutional and statutory regulations bearing upon the subject, the character of intervening agencies employed by the plaintiff in carrying out its contract to build the railroad appears to be immaterial. The question is: Did it engage in the business of building railroads? The ease of plaintiff's way to the conclusion that it did not is supposed to be increased by the fact that the subcontractors were independent. Rather, it may be said, the entire contention turns upon the merits of the word "independent." If plaintiff and its subcontractors stood to one another in the mere relation of contractee and contractors, then according to the general and correct understanding the relation of principal and agent existed. Does not a corporation engage in the performance of its corporate functions when it secures the doing of the thing it was chartered to do through the employment of contractors; and, if so, does it not transact business at the place where the work is done? We think so.

But the contractors were independent, it is said; and definitions of an independent contractor are quoted to the effect that "an independent contractor acts for himself in doing the work, and simply agrees to give his

[Alabama Western Railroad Co. v. Talley-Bates Const. Co.]

employer the benefit of the result when the work is completed."—Kent, Com.. (13th Ed.) 260, note. More accurately, we think the relation is defined in *Rome, etc., R. R. v. Chasteen,* 88 Ala. 591, 7 South. 94, quoting from 1 Shear. & Red. Neg. § 164, where it is said: "The true test, as it seems to us, by which to determine whether one who renders service to another does so as a contractor or not, is to ascertain whether he renders service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished." In recognition of the purpose for which this doctrine is applied, it may be conceded that the relation between plaintiff and its contractors conferred upon plaintiff a certain limited exemption from liability for the acts of its subcontractors and the servants and employes of the latter. The relation between them was nevertheless that of contractee and contractors, principal and agents, and the fact remains that in the discharge of the agency the subcontractors constructed the road. The result contracted for and partially wrought out represented the will of the plaintiff in every sense as perfectly as if it had employed and superintended by and through its own proper officers the men who handled pick and shovel and plow, and its will was accomplished in Alabama. The exemption from liability for the acts of subcontractors, relied upon as differentiating this from the ordinary case of principal and agent, if pertinent to the issues, is not universal. The plaintiff could not thus evade its public duties. It could not, for example, escape responsibility for the negligence of its subcontractors in crossing roads and streams along which the public travel, and, of course, it could not on this ground evade responsibility to the defendant and its own subcontractors arising out of the physical ex-

ecution of the contract in this state. If this be not so, the Constitution and statute have contrived to little purpose. Our conclusion, then, is that, if the plaintiff constructed the railroad by the employment of subcontractors under the conditions predicated in the count and plea, it had more than a mere pecuniary interest in the work. It was not a mere guarantor. It was interested as principal. It engaged in the exercise of its corporate functions in this state, notwithstanding it employed independent subcontractors to do the actual work.

We are not inclined to concur in appellant's contention that the contract was void ab initio because compliance with the statute did not antedate its execution. Necessarily, however, the contract was entered into with the purpose that it should be executed in this state. It could not be executed elsewhere. It must be taken to have contemplated legal action by the plaintiff, since compliance with the statute was a condition precedent of plaintiff's right to build the railroad. A promise to comply is implied as an essential and necessary element of the contract, if it is to be sustained and enforced as a valid agreement. When the time came for the execution of the agreement, and the plaintiff failed to take the necessary steps to comply with the statute—thus leaving the defendant without a protection for which he had stipulated, viz., the power to redress any wrong which it might suffer in the courts of this state—the defendant had a right under the law to renounce the contract, then or at any subsequent time, as for a breach by the plaintiff.—*Diamond Glue Co. v. United States Glue Co.*, 187 U. S. 611, 23 Sup. Ct. 206, 47 L. Ed. 328. The statute requires that an instrument in writing shall be filed with the Secretary of State before engaging in or transacting any business in this state. Its purpose has been stated. That purpose is not to be accomplished

[Alabama Western Railroad Co. v. Talley-Bates Const. Co.]

by a filing at the pleasure of the corporation, or when it may be to its interest to appeal to the courts of this state. We may safely affirm that nothing short of a compliance before any business is engaged in or transacted in this state satisfies either the literal requirement of the statute and Constitution or their policy.— *Pittsburgh Construction Co. v. West Side R. R. Co.*, 154 Fed. 929, 83 C. C. A. 501, 11 L. R. A. (N. S.) 1145.

The plea was not demurrable as stating a mere conclusion. There was no occasion to repeat the averments of the count in respect to the contract and the work done under it. It averred with certainty and necessary particularity the facts which it needed to aver, viz., that the plaintiff was a foreign corporation and had not prior to the time it did the work, filed an instrument in writing in the office of the Secretary of State, designating a known place of business in Alabama and an authorized agent or agents residing thereat. There was error in sustaining the demurrer to the plea, for which the cause must be reversed. This disposes of the case in its broadest aspect. We will not assume that there may be effective response to the plea. The parties at the trial went into the evidence, which showed without contradiction and indisputably that the plaintiff was a foreign corporation and had failed to comply with the statute. We will not, therefore, consider other assignments of error.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.

## On Rehearing.

SAYRE, J.—Now, for the first time, counsel for appellee calls our attention to so much of section 4628 of

**SUPREME COURT**

[Alabama Western Railroad Co. v. Talley-Bates Const. Co.]

the Code of 1907 as reads as follows: "Whenever a case is argued orally, the opinion must be delivered by a justice who heard the oral argument"—with suggestion that, in view of the fact that this appeal was argued orally at a time when the writer had not yet come upon the bench, the judgment of reversal must be set aside and the cause set down for reargument, in order that there may be a compliance with the statute. Without conceding the power of the Legislature to control this court in the discharge of its constitutional duty to render decisions in causes brought here—for it appears to us to be doubtful, to say the least, whether the Legislature has any such power (*Houston v. Williams,* 13 Cal. 24, 73 Am. Dec. 565; *Ex parte Griffiths,* 118 Ind. 83, 20 N. E. 513, 3 L. R. A. 398, 10 Am. St. Rep. 107; *Clapp v. Ely,* 27 N. J. Law, 622; *Vaughn v. Harp,* 49 Ark. 160, 4 S. W. 751; *Speight v. People,* 87 Ill. 595; *Herndon v. Imperial Ins. Co.,* 111 N. C. 384, 16 S. E. 465, 18 L. R. A. 547; *Jordan v. Andrus,* 26 Mont. 37, 66 Pac. 502, 91 Am. St. Rep. 396; *Riglander v. Star Co.,* 98 App. Div. 101, 90 N. Y. Supp. 772, affirmed in 181 N. Y. 531, 73 N. E. 1131)—we are of opinion that the appellee is not in a position to invoke the application of the statute. Counsel for appellee, as this court learned while this cause was being considered, were advised of the fact that the record had been assigned to the writer for the preparation of a statement of the views of the court. That assignment of the cause had been made in accordance with a rule and custom of this court which, as we believe, has been observed from its creation. Counsel acquiesced in the assignment by addressing to the writer as a member of the court, statements of the reasons which called for an early decision along with a request for such decision. This was an acquiescence in the assignment, and, when viewed in the light of the present

[Batson v. Johnson.]

application, was a speculation by the results of which, so far as concerns the mouthpiece adopted by the court for the announcement of its decision is concerned, the appellee must be concluded. In justice to the causes pressing for consideration here, rather than for the ease and comfort of the court, reargument must be denied.

So far as the merits of the application are concerned, it has received that consideration at the hands of the court which the novelty of the question and the magnitude of the interests involved seem to demand. We are satisfied with the conclusion heretofore reached.

The application is accordingly overruled.