# Worth, *et al. v.* Knickerbocker Trust Co.

## Bill to Foreclose Mortgage.

(Decided April 13, 1911. Rehearing denied April 27, 1911. 55 So. 144.)

1. *Mortgages; Foreclosure; Assignment.*—In a bill to foreclose a mortgage assigned to the complainant, it was not necessary to allege that the notes secured by the mortgage were actually delivered to the mortgagee and duly assigned by him to complainant.

2. *Corporations; Foreign Corporations; Doing Business.*—Where the only act done by it was the filing of a bill to foreclose a mortgage executed to another and assigned to it in New York, such an act was not the doing of business in the state by a foreign corporation, within the constitutional and statutory provisions fixing the duties of foreign corporations before doing business herein.

APPEAL from Clay Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the Knickerbocker Trust Company of New York against George W. Worth and others, to foreclose a mortgage. Decree for complainants and respondents appeal. Affirmed.

WALTER S. SMITH, for appellant. The bill should distinctly allege that the promissory notes to secure which the mortgage was given, was delivered to the payee,

and by him duly assigned to the Trust Company.—
*Hopper v. Eiland,* 21 Ala. 714; I Dan. sec. 62. The
amount claimed is not sufficiently or definitely stated,
and the mortgage was presumed to be an Alabama con-
tract, and that Alabama was the place of its execu-
tion.—*Farrior v. Security Co.,* 88 Ala. 27; *American
F. M. Co. v. Sewell,* 92 Ala. 163; *Dundee M. & T. I.
Co. v. Nixon,* 95 Ala. 321. It appears to have been
executed in New York and insufficiently acknowledged.
—*Marx v. Threat,* 131 Ala. 345; *Motes v. Carter,* 73 Ala.
553. A commissioner taking acknowledgment must use
the state regulations.—*Keller v. Moore,* 51 Ala. 340. The
corporation was a foreign corporation and its act was
clearly in violation of section 3642, Code 1907. Loaning
money is engaging in such business although it consti-
stutes but a single act.—*Farrior v. Mortgage Co., supra;
Mullins v. Mortgage Co.,* 88 Ala. 280; *Ginn v. Mortgage
Co.,* 92 Ala. 135; *Nelms v. Mortgage Co.,* 92 Ala. 157;
143 Ill. 462; 116 Ill. 375. The filing of the assignment
with the judge of probate was an act of business prohib-
ited by the statute and constitution. The assignment
was not sufficient.—*Graham v. Newman,* 21 Ala. 498;
*Landers v. Cassidy,* 86 Ala. 246; *Christian v. A. F. &
M. Co.,* 89 Ala. 198; *Sullivan v. Vernon,* 121 Ala. 394.

TILLMAN, BRADLEY & MORROW, for appellee. After a
discussion of demurrers which are declared to be puer-
ile, counsel discuss the question of the violation of the
statute against foreign corporations doing business in
the state without complying therewith, and insist that
there has been no violation as there has been no actual
business. They cite.—*Collier v. Pinckard,* 94 Ala. 456;
*Electric L. Co. of Mobile v. Rust,* 117 Ala. 680; *A. B. &
L. Assn. v. Haley,* 132 Ala. 135; *Woodall v. National
Bank,* VEC *Ala.* EGF.

[Worth, et. al, v. Knickerbocker Trust Co.]

MAYFIELD, J.—The bill in this case was filed by the appellee to foreclose a certain mortgage executed by the appellant to Ira L. McCord. The respondents demurred to the bill, assigning a number of grounds, none of which appear to contain any merit.

It was not necessary for the bill in this case to aver in terms that the note secured by the mortgage sought to be foreclosed was actually delivered by the mortgagors to the mortgagees, and duly and properly assigned to the complainant. This specific averment of delivery was not essential. The bill sufficiently alleged the amount due upon the note secured by the mortgage, which was sought to be foreclosed. While the bill showed that complainant was a foreign corporation, it did not allege that it had ever done, or was now doing business in the state of Alabama, in such sense as is contemplated in the constitutional and statutory provisions fixing the duties required of foreign corporations before doing business in this state. The only act of the complainant, past, present, and future, shown by the bill to have been done or contemplated was the filing of this bill to foreclose the mortgage executed by the respondents, not to this foreign corporation, but to an individual, and which mortgage, the record shows, was transferred and assigned to such corporation in the state of New York.

There is nothing in the bill or the exhibits to show that the property mortgaged, as to which the mortgage is sought to be foreclosed, was the homestead of the respondents or of any one else; consequently there was no necessity for the homestead acknowledgment as to such mortgage.

There is absolutely no merit in any of the grounds of the demurrer interposed, and the chancellor properly overruled the demurrer.

Affirmed.

SIMPSON, MCCLELLAN, and SOMERVILLE, JJ., concur.