(78 South. 386)

ASHURST v. ARNOLD–HENEGAR–DOYLE CO. (5 Div. 652.)

(Supreme Court of Alabama. March 23, 1918.)

1. EXECUTION ⊕═▷249, 275(3) — SALE — VACATION—TITLE OF PURCHASER.

A mere irregularity in an execution sale, such as failure to give statutory notice of time and place, will not authorize vacating a sale, nor render defective a purchaser's title.

2. EJECTMENT ⊕═▷86(1)—EVIDENCE — PRIMA FACIE RIGHT OF RECOVERY.

To show a prima facie right of recovery in ejectment, plaintiff must introduce in evidence a regular chain of title back to some grantor in possession, or to the government.

3. EJECTMENT ⊕═▷95(1) — EVIDENCE — PRIMA FACIE RIGHT OF RECOVERY.

In a suit in nature of ejectment, evidence held sufficient to establish a prima facie right of recovery in plaintiff.

4. CORPORATIONS ⊕═▷672(4)—FOREIGN CORPORATIONS—ACTIONS—PLEADING.

The fact that plaintiff, a foreign corporation, has not complied with the laws of the state as to doing business therein, should be pleaded by direct averment, and not by way of implication.

5. CORPORATIONS ⊕═▷661(1)—FOREIGN CORPORATIONS—ACTIONS—RIGHT TO SUE.

A corporation created in another state may sue in the courts of this state.

6. CORPORATIONS ⊕═▷661(4) — FOREIGN CORPORATIONS—SUIT AS ACT OF BUSINESS.

Institution and prosecution of a suit by a foreign corporation, without more, is not a prohibited act of business in the state, and action may be brought by it without having a place of business and an authorized agent in the state.

7. CORPORATIONS ⊕═▷514(2)—ACTIONS—PLEA OF NUL TIEL CORPORATION.

The plea of nul tiel corporation is a good plea in bar.

8. CORPORATIONS ⊕═▷517—ACTIONS—PLEA OF NUL TIEL CORPORATION—VERIFICATION.

Under Code 1907, § 3969, providing that when suit is brought by a corporation plaintiff need not prove its existence unless denied by verified plea, the plea of nul tiel corporation must be verified, and failure to verify renders the plea subject to demurrer.

9. PLEADING ⊕═▷355 — MOTION TO STRIKE — UNVERIFIED PLEA.

A plea may be stricken only in the cases specified by Code 1907, § 5322, which does not specify want of verification, and hence a motion to strike is not an appropriate method for testing the sufficiency of an unverified plea.

10. APPEAL AND ERROR ⊕═▷1042(1)—REVERSAL — PREJUDICIAL ERROR — STRIKING OUT PLEAS.

It cannot be said that striking out defective pleas, which were capable of amendment, is not prejudicial to a defendant, and for error in so doing, and not putting plaintiff to demurrer, thereby withholding opportunity to amend to meet the valid objections, a judgment for plaintiff must be reversed.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action by the Arnold-Henegar-Doyle Company against Harry G. Ashurst. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

James W. Strother, of Dadeville, for appellant. Thomas L. Bulger, of Dadeville, for appellee.

THOMAS, J. This suit, which is one in the nature of ejectment, was tried by the court without a jury and resulted in a judgment for the plaintiff.

Suing for the storehouse and lot described in the complaint, plaintiff rested his right of recovery on a sheriff's deed. Defendant pleaded: (1) Not guilty; (2) that plaintiff is not a corporation, and defendant has not dealt with plaintiff as such; (3) that plaintiff has not complied with the laws of the state of Alabama by filing in the office of Secretary of State a statement in writing designating at least one known place of business in said state with an agent or agents therein authorized to do business in the state, and that plaintiff was therefore without authority to do business or to own property in the state of Alabama.

The foregoing pleas were filed on September 21, 1916. Two days later, defendant filed

---

an additional plea, designated "A," by which "he disclaims possession of all the land sued for, except that part of said land on which the storehouse is located."

The judgment entry fails to disclose leave of the court to withdraw the plea of not guilty as to that part of the land possession of which was disclaimed by plea A. The bill of exceptions, however, contains a recital of such amendment by leave of the court, and we will treat the amendment as having been so authorized.

[1] Defendant objected severally to the introduction in evidence of the judgment in the case of Arnold-Henegar-Doyle Company v. A. J. Weldon, of the certificate of that judgment as provided by the statute, of the execution which issued thereon, of the sheriff's return of his levy of said execution on the lands in question, of the sheriff's notice to A. J. Weldon of the levy of the execution, of the return on the execution by the sheriff of the fact of the sale of the property to the plaintiff, and of the sheriff's deed of date July 12, 1916, conveying said lands to the plaintiff. These objections are without merit. Mere irregularities in sales by the sheriff— such as the failure to give the statutory notice of the time and place of the sale—will not authorize the vacating of a sale, nor render defective the title of the purchaser. Ray's Adm'r v. Womble, 56 Ala. 32, 37; Holly v. Bass, 68 Ala. 206; White v. Farley, 81 Ala. 563, 566, 8 South. 215; Gardner v. Mobile & N. R. R. Co., 102 Ala. 635, 642, 15 South. 271, 48 Am. St. Rep. 84; Slater v. Alston, 103 Ala. 605, 608, 15 South. 944, 49 Am. St. Rep. 55.

[2] It is true that the plaintiff in ejectment, in order to show a prima facie right of recovery, must introduce in evidence a regular chain of title back to some grantor in possession or to the government. Smith v. Bachus, 195 Ala. 8, 70 South. 261; Driver v. King, 145 Ala. 585, 591, 40 South. 315.

[3] The evidence in this case was sufficient to establish this prima facie right of recovery in plaintiff. A. J. Weldon was the judgment debtor in possession of the land, exercising acts of ownership over it, and claiming to own the same, before or about the time when the levy was made and the sale was had thereunder to the plaintiff. He had been in such possession for several years, one witness testifying that during the previous seven or eight years he was so exercising ownership over this property and conducting his mill business thereon. Smith v. Bachus, 195 Ala. 8, 70 South. 261.

Plaintiff offered as muniments of his title a valid judgment against said Weldon, showing due execution thereon after recordation under the statute, the sheriff's levy, with notice thereof to Weldon, and proof of the consummation of the sale, and the sheriff's deed to plaintiff as purchaser at said sale. Thus is plaintiff's chain of title established, by

201 ALA.—31

prima facie evidence at least, to and from a grantor in possession of the land. And the proof establishes the prima facie fact of an estate or interest in the land, in Weldon, which was subject to levy and sale. Carter v. Smith, 142 Ala. 414, 38 South. 184, 110 Am. St. Rep. 36.

Plaintiff's motion to strike defendant's pleas Nos. 2 and 3 was granted by the court, and that action of the court is assigned as reversible error.

[4] The complaint filed by the Arnold-Henegar-Doyle Company, a corporation, does not disclose whether it was a foreign or a domestic corporation. Plea 2 avers that plaintiff is not a corporation, and that defendant has not dealt with plaintiff as such. Third plea fails to aver that the plaintiff is a foreign corporation that has not complied with the laws of the state of Alabama as to doing business in Alabama. This fact should have been pleaded by direct averment, and not by way of implication.

In George M. Muller Mfg. Co. v. First National Bank of Dothan, 176 Ala. 229, 57 South. 762, it is said (Chief Justice Anderson writing the opinion):

"A foreign corporation which has not complied with the requirements of sections 3642 and 3644 of the Code of 1907 is prohibited from doing a single act of business in this state, if done in the exercise of its corporate function, and said corporation cannot sue in this state until it has put itself in a position to be sued therein by complying with said sections of the Code."

Since the complaint did not aver that the plaintiff was a foreign corporation, it was incumbent on the defendant to specifically aver in his plea—and he will not be permitted to do so merely by way of implication— that the plaintiff was a foreign corporation that did business in the state, in the transaction on which the suit is predicated, without having first complied with the Constitution and the statute.

[5, 6] A corporation created in another state may sue in the courts of this state. Lucas v. Bank of Georgia, 2 Stew. 147; Eslava v. Ames Plow Co., 47 Ala. 384; Imp. & Exp. Co. v. Locke, 50 Ala. 332. The institution and prosecution of a suit in Alabama by a foreign corporation, without more, is held not to be a prohibited act of business therein; and an action may be brought by such a corporation without having a place of business and an authorized agent in the state. Beard v. U. & A. Pub. Co., 71 Ala. 60; Christian v. A. F. L. M. Co., 89 Ala. 198, 7 South. 427; Ginn v. N. E. Mort. & Sec. Co., 92 Ala. 135, 137, 8 South. 388; Cook v. Rome Brick Co., 98 Ala. 409, 12 South. 918; McCall v. A. F. L. M. Co., 99 Ala. 427, 432, 12 South. 806; Woodall & Sons v. People's National Bank, 153 Ala. 576, 45 South. 194; Worth v. Knickerbocker Trust Co., 171 Ala. 621, 55 South. 144; 2 Mor. Corp. § 662; Charter Oak Life Ins. Co. v. Sawyer, 44 Wis. 387; Utley v. Clark-Gardner Lode Min. Co., 4 Colo. 369.

It is insisted by appellant that the foregoing excerpt from the opinion in George M. Muller Mfg. Co. v. First Nat. Bank of Dothan, 176 Ala. 229, 231, 57 South. 762, is to the contrary effect. When that general statement is considered, as applying to the question for decision, it is apparent that decision did not overrule the foregoing authorities on the right of a foreign corporation to sue in this state on a·contract not made in violation of the Constitution and the statutes of the state. The court said:

"If a bill filed by a foreign corporation shows upon its face that it did business in this state, and upon which the relief sought is predicated, it should aver a compliance with the Constitution and statutes of this state before entering upon or engaging in said business, and which is a condition precedent to relief, and the bill is demurrable if it omits this essential averment. Christian v. Am. Freehold Mtg. Co., 89 Ala. 198, 7 South. 427; Farrior v. New Eng. Mtg. Co., supra [88 Ala. 275, 7 South. 200]. Indeed, counsel for appellant concede the correctness of this rule, but contend that it has no application to the case at bar, for the reason that the bill does not show such a doing of business as is contemplated by the statute—that there was merely a sale of material to be delivered to respondent and placed in its banking house by the complainant. The contract shows more than an ordinary sale, and in its entirety covers the furnishing of material and the erection of same in a specified manner * * * and the doing of divers things, in addition to supplying the material, and therefore includes the doing of business in this state as previously defined by this court."

The general expression that foreign corporations may not sue until they have put themselves in a position to be sued in domestic courts, contained in George M. Muller Mfg. Co. v. First National Bank of Dothan, 176 Ala. 229, 231, 57 South. 762, and in Ala. West. R. R. Co. v. Talley-Bates Const. Co., 162 Ala. 396, 403, 50 South. 341, is contrary to, and must be now modified to conform with, that line of authority from Lucas v. Bank, 2 Stew. 147, to Worth v. Knickerbocker Trust Co., 171 Ala. 621, 55 South. 144. Examination of both cases, however, will show that' no conflict was intended.

[7] By plea No. 2 the defendant sought an opportunity to defeat the suit by showing there was no such corporation and no proper ·plaintiff. A plea of nul tiel corporation is a good plea in bar. In Bro. Ab. Misnomer, 73, the doctrine is declared that:

"In an action by a corporation or a natural body, misnomer of one or the other only goes to the writ; but to say that there is no such person in rerum natura, or no such body politic, this is in bar; for if there be no such body politic, or such person, then he cannot have an action." Universalist Soc. in Newburyport v. Currier, 3 Metc. (Mass.) 417; Christian Soc. in Plymouth v. Macomber, 3 Metc. (Mass.) 235, 238; Bank of Manchester v. Allen, 11 Vt. 306; Campbell v. Galbreath, 5 Watts (Pa.) 428; Wills' Gould on Pl. p. 239 et seq.; Johnson v. Hanover Nat. Bank, 88 Ala. 271, 6 South. 909; Savage v. Russell, 84 Ala. 103, 4 South. 235; Cent. Found. Co. v. Laird, 189 Ala. 584, 588, 66 South. 571; Sloss-Sheffield Co. v. Milbra,

173 Ala. 658, 661, 662, 55 South. 890; Campbell v. Hughes, 155 Ala. 591, 47 South. 45.

[8] However, under our statute, the plea of nul tiel corporation must be verified. Code, § 3969; Smith v. Hiles-Carver Co., 107 Ala. 272, 18 South. 37. For failure of verification as required by the statute, the plea was defective, and subject to demurrer.

[9] Motion to strike is not an appropriate method for testing the sufficiency of such a plea. A. G. S. R. R. Co. v. Clark, 136 Ala. 450, 461, 34 South. 917; Mobile Electric Co. v. Sanges, 169 Ala. 341, 349, 53 South. 176, Ann. Cas. 1912B, 461; Owensboro Co. v. Hall, 149 Ala. 210, 43 South. 71; St. Louis Co. v. Phillips, 165 Ala. 504, 51 South. 638. Pleas may be stricken only in the cases specified by the statute. Code, § 5322.

[10] The pleas in this case so stricken were capable of amendment, and we cannot say that the action of the trial court was not prejudicial to the defendant. Southern Railway Co. v. Slade, 192 Ala. 568, 570, 68 South. .867; L. & N. R. R. Co. v. Smith, 163 Ala. 141, 50 South. 241; Mobile Electric Co. v. Sanges, supra.

It is not apparent that plea 3 was not capable of amendment, and the due verification of plea 2 could have been supplied on demurrer.

For the error of striking said pleas on motion, and not putting the plaintiff to demurrer, thereby withholding from the defendant the opportunity to amend his plea to meet the valid objections thereto, pointed out by demurrer, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded. All the Justices concur.