554 F.2d 188
 ASSOCIATES CAPITAL SERVICES CORPORATION, an Indiana
Corporation, Assignee, Plaintiff-Appellee,
v.
LOFTIN'S TRANSFER & STORAGE COMPANY, INC., a corporation,
d/b/a Mobilphone Systems, Defendant-Third Party
Plaintiff-Appellant,
v.
MOTOROLA COMMUNICATIONS & ELECTRONICS, INC., Third Party
Defendant-Appellee.
 No. 76-3035
 Summary Calendar.*
United States Court of Appeals,
Fifth Circuit.
 June 16, 1977.
 
 Bruce J. Downey, III, Montgomery, Ala., for Loftin's Transfer & Storage Co., Inc.
 Charles P. Miller, Montgomery, Ala., for plaintiff-appellee.
 J. Knox Argo, Montgomery, Ala., for Motorola Communications, etc.
 Appeal from the United State District Court for the Middle District of Alabama.
 Before THORNBERRY, RONEY and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, an Indiana corporation, brought this action in the United States District Court for the Middle District of Alabama to collect contract payments allegedly due and owing from defendant. Defendant claimed that plaintiff's failure to qualify to do business in Alabama barred prosecution of the suit. The district court held that plaintiff was not "doing business," within the meaning of Alabama law, and consequently permitted it to maintain the suit. We affirm.
 
 
 2
 It is well settled law that if a plaintiff is prohibited from maintaining an action in a state court because of its failure to qualify to do business within the state, it is barred from prosecuting its claim as a diversity action in a federal district court. Advance Industrial Security, Inc. v. William J. Burns International Detective Agency, Inc., 377 F.2d 236, 239 (5th Cir. 1967).
 
 
 3
 Defendant argues that plaintiff is collaterally estopped by the district court's prior adverse decision of the doing business issue in Associates Capital Services Corp. v. Raybon, C.A. No. 74-286-N (M.D.Ala. May 8, 1975). On appeal this case was remanded to the district court in accordance with the stipulation of the parties, and settled in favor of plaintiff. Associates Capital Services Corp. v. Raybon, C.A. No. 74-286-N (M.D.Ala. Dec. 8, 1976), enforcing No. 76-2481 (5th Cir. Nov. 22, 1976). Therefore, the decision of the district court spawned no precedential effect and renders nugatory the question of collateral estoppel. Cf. De Nafo v. Finch, 436 F.2d 737 (3d Cir. 1971); see generally, 50 C.J.S. Judgments § 702, at 157 (1947).
 
 
 4
 With respect to the merits of defendant's claim, we affirm the decision of the district court that plaintiff was not doing business in Alabama so as to require it to qualify to do business in order to be able to bring a suit. The reasoning of the district court's opinion is set forth as follows:
 
 
 5
 The determination of whether a corporation is doing business in Alabama is a mixed question of law and fact. Marcus v. R. J. Watkins Co., 279 Ala. 584, 188 So.2d 543 (1966). Alabama has followed the "minimum contacts" doctrine first established in International Shoe Co. v. Washington, 326 U.S. 310 (, 66 S.Ct. 154, 90 L.Ed. 95) (1945). See Boyd v. Warren Paint & Color Co., 254 Ala. 687, 49 So.2d 559 (1950). An even more liberal test is applied by the courts of this state in determining whether a particular corporation should have access to Alabama courts.
 
 
 6
 (N)o substantial difference applies whether the foreign corporation be plaintiff or defendant, and in fact it would seem to us that the term "doing business" means the same whether it be found in the statutes above or in the statutes concerned with obtaining jurisdiction over the foreign corporation when sued in the state courts. Rather, it would seem that less activity would be required to bring into application the constitutional and statutory provisions (concerning qualification to do business) . . . when a foreign corporation invokes the protection of the state courts.
 
 
 7
 Marcus v. J. R. Watkins, supra, at 588 (, 188 So.2d 543).
 
 
 8
 It is in this light that the Court must examine Associates' contacts within Alabama to determine whether Associates is doing business in this state. The essence of Associates' business is the purchase of chattel paper secured by personal property, some of which is located in Alabama. The paper is assigned in Atlanta, Georgia. While there is no case directly in point, it appears that under Alabama law the taking of a security interest in property located in Alabama does not in itself constitute doing business. See Holman v. Durham Buggy Co., 200 Ala. 556, 76 So. 914 (1917); Worth v. Knickerbocker Trust Co., 171 Ala. 621, 55 So. 144 (1911); see also Covey Cotton Oil Co. v. Bank of Ft. Gaines, 15 Ala.App. 529, 74 So. 87 (1917).Neither are the other contacts, even when considered together, sufficient to support defendant's contention that Associates is doing business in this State. The prosecution of lawsuits in this State to recover on otherwise valid contracts does not constitute doing business. Franklin Life Ins. Co. v. Ward, 237 Ala. 474, 187 S(o). 462 (1939). Defendant maintains that Associates Financial Services Corporation, a corporation qualified to do business in Alabama, has acted as agent for Associates in supplying credit information and in collecting debts for plaintiff. However Associates asserts that Associates Financial Services Corporation has acted on an independent basis, and that all transactions between them have been conducted at arm's length. The burden of proving the existence of an agency relationship lies with the party seeking to rely on the existence of an agency. Johnson v. Shenandoah Life Ins. Co., 291 Ala. 389, 281 So.2d 636 (1973). Loftin's has failed to carry that burden here.
 
 
 9
 Associates' contacts with Alabama residents have been almost exclusively by means of the mails and telephone. Associates' representatives have made one trip into Alabama to confer with Loftin's and Motorola representatives after Loftin's ceased payments under the contract. While an isolated transaction pursuant to the corporation function of a foreign corporation may constitute doing business under Alabama law, Alabama Western R. Co. v. Talley-Bates Const. Co., 162 Ala. 396, 50 So. 341, (1909), the corporate presence within the State for incidental purposes is not doing business. J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472 (1942).
 
 
 10
 AFFIRMED.
 
 
 
 *
 Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I