## JAMES M. MORSE

### *v.*

## THE HOLLAND TRUST COMPANY *et al.*

*Opinion filed February 19, 1900.*

1. EQUITY—*when a cross-bill in foreclosure is properly dismissed.*  A cross-bill in a foreclosure proceeding, filed by holder of the equity of redemption, is properly dismissed for want of equity where it seeks to litigate with one of the complainants, a judgment creditor, matters relating only to the legal right of redemption.

2. TRUSTS—*purpose of law requiring deposit of securities by a foreign trust company is protection.*  The law requiring foreign trust companies to deposit securities with the Auditor is designed to protect persons interested in the proper execution of trusts, and not to furnish ground for fraudulent conduct in giving security and then repudiating it.

3. SAME—*effect of failure of foreign trust company to deposit securities.*  Failure of a foreign trust company to deposit securities with the Auditor does not invalidate a decree foreclosing a trust deed executed to it as trustee, to secure the payment of bonds, where the only duties performed by the company were certifying the bonds outside the State and joining with the bondholders in filing the foreclosure bill.

4. SAME—*filing a bill to foreclose trust deed is not the exercise of active power.*  A bill by a foreign trustee to foreclose the trust deed is but a prayer to the court to divest complainant of title by decree and sale, and even though the trustee is not qualified to exercise active powers the court need not remove him or appoint a new trustee before decreeing foreclosure.

*Morse* v. *Holland Trust Co.* 84 Ill. App. 84, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

ARTHUR KEITHLEY, for appellant:

To show the powers of a non-resident corporation it is necessary to both aver and prove the law of the State of its creation.  *Barnes* v. *Suddard,* 117 Ill. 237; *Miller* v. *McVeigh,* 40 Ill. App. 534.

A corporation has no common law power to act as a trustee. *Trust Co.* v. *Lee*, 73 Ill. 142; Angell & Ames on Corp. 100; Hill on Trusts, 48; 7 Am. & Eng. Ency. of Law, (2d ed.) 726.

A corporation created in one State cannot exercise its functions in another State without permission of the latter State. *Ducat* v. *Chicago*, 48 Ill. 172; *Health Assurance Co.* v. *Rosenthal*, 55 id. 85; *Carroll* v. *East St. Louis*, 67 id. 568; *Hooker* v. *California*, 155 U. S. 648.

A non-resident corporation must both aver and prove that it has complied with the local law before it can maintain its suit in that jurisdiction. *Insurance Co.* v. *Wright*, 55 Vt. 527; *Walburn* v. *Ingilby*, 1 M. & K. 61; *Taber* v. *Loan Ass.* 40 S. W. Rep. 954; *Christian* v. *Mortgage Co.* 89 Ala. 198; *Farrior* v. *Mortgage Security Co.* 88 id. 275; *Cumberland Co.* v. *Canter Co.* 35 S. W. Rep. 886.

Where a transaction is forbidden by statute it is void. The grounds of the proposition are immaterial. The imposition of a penalty by the legislature on any specific act or omission is *prima facie* equivalent to an express prohibition. 3 Am. & Eng. Ency. of Law, 872; *Stevenson* v. *Ewing*, 3 Pickle, 50.

A foreign corporation cannot accept an active trust in Illinois without first depositing securities, in compliance with our statute. *Farmers' Trust Co.* v. *Railroad Co.* 173 Ill. 439.

A deed appointing a foreign corporation trustee creates an active trust, and is void unless the corporation first complies with our statute. *Farmers' Trust Co.* v. *Railroad Co.* 173 Ill. 439.

Though the matters stated in the cross-bill were purely of legal rights, the original complainant having brought the appellant into equity upon matters of exclusive equitable cognizance, it cannot now be heard to question the jurisdiction of the equity court over the matters set up by appellant in his cross-bill. *Railroad Co.* v. *Walton*, 150 Ill. 428; *Quick* v. *Lemon*, 105 id. 578; Story's Eq. Pl. sec. 399.

A cross-bill being considered as a defense to the original bill, or a proceeding necessary to a complete determination of a matter already in litigation, complainant is not required, as against complainant in the original bill, to show any ground of equity in support of the jurisdiction of the court. *Sterl* v. *Sterl,* 2 Ill. App. 223.

JACK & TICHENOR, for appellees:

Under the laws of 1872 and 1889, relating to foreign corporations and corporations for the administration of trusts, a trust deed to a foreign trust company which has not complied with section 6 of our statute regulating trust companies is not void. The absolute title passes for the benefit of the *cestuis que trust. Female Seminary* v. *Sullivan,* 116 Ill. 375; *Fritts* v. *Palmer,* 132 U. S. 282; *Stevens* v. *Pratt,* 101 Ill. 206; *Mortgage Co.* v. *Gross,* 94 id. 483; *Brown* v. *Mortgage Co.* 110 id. 235; *Mandel* v. *Land Co.* 154 id. 177; *Farmers' Trust Co.* v. *Railroad Co.* 173 id. 439; *Barnes* v. *Suddard,* 117 id. 237; *Pennsylvania Co.* v. *Bauerle,* 143 id. 459; *American Christian Union* v. *Yount,* 101 U. S. 352; *Farmers' Trust Co.* v. *Railroad Co.* 68 Fed. Rep. 412.

If the defendant would raise the question that a foreign corporation cannot hold real estate or enforce a trust in this State for the reason that it has not complied with the laws of this State relating to domestic corporations of like character, such fact must be specially pleaded or set up in the answer. *Nelms* v. *Mortgage Co.* 92 Ala. 157; *Singer Manf. Co.* v. *Effinger,* 79 Ind. 214; *Nickels* v. *Association,* 93 Va. 380; *Ober & Sons' Co.* v. *Blalock,* 40 S. C. 31; *White River Co.* v. *Improvement Ass.* 18 S. W. Rep. 1055; *Improvement Co.* v. *K. & D. Manf. Co.* 47 Pac. Rep. 484; *Lukens Iron Co.* v. *Payne,* 43 N. Y. Sup. 376.

"Even if the defendants in error had not the legal capacity to sue, the rule is that the personal disability to sue, if apparent upon the face of the bill, must be raised by demurrer, and if it does not appear upon the face of the bill, advantage must be taken of it by a plea in the

nature of a plea in abatement." *Chicago* v. *Cameron,* 22 Ill. App. 91; Mitford's Eq. Pl. (Tyler's ed.) 445, 318; Story's Eq. Pl. 88, 493, 494; 1 Daniell's Ch. Pr. 52, 57, 84; Beach's Eq. Pr. secs. 250, 251, 302.

The bringing and prosecution of a suit by a foreign corporation to foreclose a mortgage or recover a debt is not "doing business" in the State. *McCall* v. *Freehold Co.* 99 Ala. 427; *Ginn* v. *Mortgage Co.* 92 id. 135; *Ware* v. *Shoe Co.* id. 145; *Mortgage Co.* v. *Ogden,* 49 La. Ann. 8; *Mortgage Co.* v. *Pierce,* id. 300; *Tabor* v. *Goss & P. Co.* 11 Col. 419; *Cattle Co.* v. *Custer Co.* 9 Mont. 145; *St. Louis Co.* v. *Phila. F. Ass.* 55 Ark. 163; *Hays* v. *Merkle,* 90 Mo. App. 509; *Mortgage Co.* v. *Worsham,* 76 Tex. 556.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The Central City Brick and Tile Company, a corporation of this State, bought from John T. Moffett certain lands in Peoria county and agreed to pay therefor the sum of $50,000, to be secured by bonds and a trust deed on said lands. In pursuance of a resolution of the corporation duly passed for that purpose, the bonds were issued and the trust deed executed to the Holland Trust Company of New York, one of the appellees, a corporation of the State of New York organized for the administration of trusts. The bonds, with coupons for interest at six per cent, were made payable at the office of said trust company in the city of New York, and it was provided that the bonds should first be certified to and countersigned by said trustee and should then be delivered to John T. Moffett. The trust was accepted and the bonds were certified to and countersigned in New York by the trust company and were delivered to Moffett. Default was made in payment, and the trustee joined with the Peoria National Bank and the Peoria Loan and Savings Trust Company, corporations of this State and holders of bonds, in filing a bill, as complainants, to foreclose

the trust deed. The appellant, James M. Morse, was the holder of a certificate of purchase of said real estate which had been sold at an execution sale upon a judgment subsequent to the trust deed, and he was made a defendant. The Holland Trust Company had not complied with the law of this State regulating the administration of trusts by trust companies, by depositing bonds and securities with the Auditor of Public Accounts, and this was alleged as matter of defense to the bill by appellant. He also filed a cross-bill setting up the recovery of said judgment against the Central City Brick and Tile Company, and the sale under an execution issued upon said judgment, as averred in the bill, and alleged that the time of redemption from the sale had expired and the premises had not been redeemed, and that he had recovered a subsequent judgment against said brick and tile company. He also alleged that the Peoria National Bank, one of the complainants, had obtained four judgments against the tile company, and was threatening to sell the property on some of its judgments and to contest his rights and interests, and that the Holland Trust Company was in collusion with the bank. He asked for a decree finding that he had acquired the title of the brick and tile company by virtue of his execution sale, and that said bank and trust company might be restrained from asserting any right, title or interest in the premises. This cross-bill was dismissed upon a general demurrer for want of equity, and the issues on the original bill were referred to a master, who reported that the trust deed was a first lien; that the amount due was $64,341.50; that appellant had the interest claimed, but subject to the trust deed, and that complainants were entitled to a decree of foreclosure. Appellant excepted to the report, but his exceptions were overruled and a decree of foreclosure was entered. He then sued out a writ of error from the Appellate Court, and that court affirmed the decree.

The court was right in dismissing the cross-bill. It showed that the complainant therein had acquired the equity of redemption and was entitled to a conveyance thereof. He was therefore not in the same class with the Peoria National Bank, which was a mere judgment creditor. According to the cross-bill he was bound to redeem from any sale that might have been made under the trust deed within twelve months, and if he should redeem, the later judgments would be cut off. If he should not redeem, his title so acquired would be gone. In that case the law would fix the rights of redemption of the bank and himself as judgment creditors. The cross-bill did not question the validity of the judgments of the bank or show any reason whatever for the intervention of a court. It alleged collusion between the bank and the trust company but contained no facts from which such a conclusion could be drawn, and we cannot conceive what either could do to interfere with or affect the statutory right of redemption.

The objection made to the decree of foreclosure is, that it is erroneous because the Holland Trust Company, a corporation created by the laws of another State, could not accept an active trust without first depositing securities with the Auditor of Public Accounts, and could not acquire or hold title to the real estate in question under the trust deed. It will, of course, be conceded that the foreign corporation could not perform the duties of an active trust, since it had not complied with the statute. But that question is of no importance in the present attitude of the case. Even if active duties were required of the trustee, we apprehend that no one would be found to say that the Central City Brick and Tile Company is not liable upon its bonds regularly issued, in accordance with the resolution of the corporation, for the purchase price of the real estate, nor that the security taken would be invalid merely because the trustee was incapable of acting. The law requiring a deposit of securities is enacted

for the protection of persons interested in the proper execution of trusts, and not to authorize such fraudulent conduct as the giving of security and then repudiating it. The law would never work such a wrong when it is within its power to remove the trustee who is disqualified and appoint one who can act. In *Farmers' Loan and Trust Co.* v. *Lake Street Elevated Railroad Co.* 173 Ill. 439, the nonresident corporation had certified to and delivered bonds as trustee under the trust deed, and a decree was affirmed which removed such trustee and provided for the appointment of another to execute the trust. That would be a proper course to take where active duties are required.

The trust deed in this case provides for active duties in the execution of the trust, such as taking possession of the property, managing and operating it, collecting rent and income, and selling it, but the trustee never assumed to exercise the active trusts and powers attempted to be conferred. The only thing done by the trustee was to certify to the bonds in the State of New York, and this did not involve anything but the identification of the bonds in the manner provided in the trust deed. It was the same thing that had been done in the case already cited, and did not involve the exercise of any active duty or trust in this State. The only other act of the trustee was to join with the holders of bonds in the bill filed to foreclose the trust deed. This was only a prayer to the court to enforce the securities by its own methods, through its own officers and by virtue of its jurisdiction, and was not the exercise of an active trust or power. The trustee might properly have been made a defendant. Upon filing the bill it had nothing more to do, but laid down its trusts and powers and left the court to enter and execute its own decree. The title to be acquired under a sale would come through the decree of the court. In speaking of a mortgage to a corporation of the State of New York in the case of *United States Mortgage Co.* v. *Gross*, 93 Ill. 483, the court said (p. 493): "Payments made

of the debts thus secured defeat the titles of the mortgagees, and even if they take possession the incomes gradually undermine and destroy their titles. If the premises are sold under,powers, the mortgagees cannot themselves become purchasers; and if the mortgages are foreclosed by suit, the decrees of the court thereafter become the bases of title." '

There was no occasion for the removal of the trustee in this case or the appointment of a new one, since the foreign trustee came into court asking to be divested of its title by a decree and sale. Our decisions recognize the doctrine that a non-resident trustee in such a case acquires some interest under the trust deed, and that a subsequent compliance with the law will enable such trustee to carry out its provisions. In *Pennsylvania Co. for Insurance on Lives* v. *Bauerle,* 143 Ill. 459, it was said that the foreign corporation must either comply with the requirements of the statute of this State and then join with its co-executors in the execution of a conveyance, or else in some proper way shake off the trust and absolutely divest itself of the title, discretion and power that the will gave it in respect to land situated in this State. In *Farmers' Loan and Trust Co.* v. *Lake Street Elevated Railroad Co. supra,* the decree ordered that the non-resident corporation execute an instrument of transfer to the new trustee of all its rights and powers, and in case of failure to do so the master in chancery was ordered to execute the instrument. The court may remove the trustee and appoint another who shall take the property with the active trusts provided for in the conveyance to the non-resident trustee, but in this case, as already stated, there was no occasion for' such action.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*