DeWITT E. TAYLOR, *et ux.,* v. THE TOLEDO TRUST CO., as Trustee

160 So. 366.
Opinion Filed November 9, 1934.
On Rehearing April 9, 1935.

*Hull, Landis & Whitehair,* and *D. C. Hull,* for Appellants;

*Don Register,* for Appellee.

BUFORD, J.—The controlling question presented by the appeal in this case for our determination is whether or not a Trust Company doing business under the laws of the State of Ohio and located in the City of Toledo, Ohio, may foreclose in the courts of Florida a mortgage on lands in Florida, which mortgage, together with the indebtedness which it secured, was transferred in the City of Toledo, Ohio, by the mortgagee to the Trust Company in trust.

It is contended by the appellant that under the provisions of Chapter 8531, Acts of 1921, as amended by Chapter 9287, Acts of 1923, and especially under the provisions of that part of the Act of 1923 which is reflected in Section 6145 C. G. L., that the appellee, being a foreign trust company, is precluded from maintaining the suit to enforce the payment of the obligation secured by the mortgage in the courts of this State.

We do not think that the maintaining of a suit to foreclose a mortgage under the conditions existing in this case constitutes the exercise of any of the trust functions prescribed by the laws of the State of Florida.

The statute here under consideration should be considered *in paria materia* with other statutes controlling the same subject matter.

Sec. 4269 C. G. L., being originally Sec. 13 of Chapter 11829, Acts of 1927, provides:

"No foreign corporation which has heretofore or shall hereafter qualify to transact business in this State, nor any foreign corporation which is now carrying on business in

this State, or shall hereafter carry on business in this State, without having qualified to do so, and no domestic corporation now or hereafter incorporated shall be permitted to maintain any action in any court of this State until such corporation shall have complied with the provisions either of Section 4257 and 4258, or with the provisions of Section 4259, and shall have paid to the State a penalty of $1.00 for each day after it should have qualified to do business within this State and shall have complied with the provisions of this law until it does so qualify to do business and comply with the provisions of this law."

Then follows a provision limiting the amount of penalty which may be required.

Sec. 4270 C. G. L., which was Sec. 14 of the Act of 1927, *supra,* provides that, "the provisions of this law shall not be deemed to apply to the following named corporations and classes of corporations, to-wit: banking companies, trust companies, safety deposit companies, building and loan associations, insurance companies, mutual fire insurance associations "and other mentioned corporations.

The trust company in this case is not attempting to perform trust functions in Florida. It is simply attempting through the process of law to enforce the payment of an obligation which it holds as Trustee.

The question here under consideration is not unlike that which was presented in the case of Girard Trust Co. v. Tampa Shore Development Co., 95 Fla. 1010, 117 Sou. 786. There we had under consideration the foreclosure by the trust company of the purchase money mortgage which was given in part payment for lands, which had been conveyed by the trust company to the mortgagor. Here we have under consideration a suit brought by the trust company to

foreclose a mortgage, the title to which it holds in trust for the mortgagee.

Our statutes prohibit any foreign trust company becoming qualified to do business under the laws of the State of Florida. And, therefore, if the foreign trust company can not qualify to perform trust functions in this State, and we should hold that the maintenance of a suit to foreclose a mortgage held in trust by a foreign trust company is the exercise of a trust function,. then we close the doors of the courts of this State to foreign trust companies to perform the functions which it is their duty to perform under the laws of the states in which they are organized and in which they transact their business.

In the case of Worth, *et al.,* v. Knickerbocker Trust Co., 171 Ala. 621, 55 Sou. 144, a demurrer to a bill to foreclose mortgage raised a question as to whether or not the maintenance of a suit by a foreign corporation to foreclose a mortgage in the courts of the State of Alabama was in violation of the Constitution and Statutes of Alabama prohibiting foreign corporations doing business in the State of Alabama. There the court held:

"While the bill showed that complainant was a foreign corporation, it did not allege that it had ever done, or was now doing, any business in the State of Alabama, in such sense as is contemplated in the constitutional and statutory provisions fixing the duties required of foreign corporations before doing business in this State. The only act of the complainant, past, present and future, shown by the bill to have been done or contemplated, was the filing of this bill to foreclose the mortgage executed by the respondents, not to this foreign corporation, but to an individual, and which mortgage, the record shows, was transferred and assigned to such corporation in the State of New York."

In Morse v. Holland Trust Co., *et al.,* 184 Ill. 255, 56 N. E. 369, the Supreme Court of Illinois said:

"Where bonds were issued by a corporation secured by a trust deed to a foreign corporation, which was required to certify the bonds in the State of its domicile, and was authorized to take possession of and manage the property mortgaged, the fact that such corporation could not act as such trustee by reason of its failure to comply with the law of Illinois, did not render such bonds nor the mortgage securing them invalid, since, if the trustee was incapable of acting, a competent trustee might be appointed by the court.

"Where a foreign corporation not authorized to do business in Illinois, accepted a trust deed securing bonds issued by a domestic corporation, under which such foreign corporation as trustee, was required to certify such bonds in the State of its domicile, and authorized to take possession of and manage the property, etc., but in fact never acted except to certify the bonds and join with the bondholders in a suit to foreclose the deed, it having submitted the property to the jurisdiction of the court, the fact that it was not entitled to assume an active trust within the State was no objection to a decree foreclosing the deed, and directing a sale of the property."

See also Vol. 14-A C. J. 1292, and cases there cited.

For the reasons stated, the decree appealed from should be affirmed and it is so ordered.

Affirmed.

Whitfield, Ellis, and Terrell, J. J., concur.

Davis, C. J., and Brown, J., dissent.

Davis, C. J. (dissenting).—Section 1 of Chapter 9287, Acts 1923, makes it unlawful for any corporation or association to exercise any of the *trust functions* now prescribed

by the laws of Florida to be exercised by Florida Trust companies, or to exercise any of the duties, powers or enjoy the emoluments, profits or benefits which may be granted, or may have been heretofore granted, by the Legislature of Florida to corporations or associations chartered as Florida trust companies.

The "trust functions" of Florida trust companies are defined and enumerated in the statutes of Florida relating to Florida trust companies. Section 6126 C. G. L., 4185 R. G. S., as amended by Section 27, Chapter 13576, Acts of 1929. The powers enumerated include the execution of all kinds of specific trusts, the acting as a fiscal or collecting agent for others in a trust capacity, and the transaction of any function with regard thereto that is of a trust character. Under Chapter 9287, Acts 1923, the *corporate* performance of such enumerated trust functions, except by Florida trust corporations, is forbidden by law.

In this case the complainant below was a foreign *corporate* trust company. It had no license or privilege to do a corporate trust business in Florida and was expressly forbidden by law to ever perform any trust "function" in this State that is within the purview of the Florida trust company Acts.

The right of a corporation to represent another in a trust capacity and to sue for such other as a plaintiff trustee is undoubtedly a "trust" function. Thus in Richards v. South Florida Mtge. Co., 102 Fla. 313, 136 Sou. Rep. 393, it was recognized by this Court that where a foreign corporation *had no interest in the subject matter* of a foreclosure suit, it was forbidden by law to act as fiscal agent or trustee for another corporation in maintaining a suit in its own name as trustee, to enforce a mortgage wherein the real party in interest was a corporate *cestui que trustent,* for which such

foreign corporation was attempting to act in a trust capacity.

No foreign corporation has a right to sue in the courts of Florida as a matter of absolute right. Whatever right it may ever have rests upon the comity of states. And where a state statute provides that comity in a certain particular shall not be recognized, such statute is controlling as against the right of a foreign corporation to sue. 12 R. C. L. 10; 14 A. C. J. 1356; 12 R. C. L. 98-99.

The Legislature of Florida in enacting Chapter 9287, Acts 1923, Laws of Florida, settled the public policy of this State by providing that no right should be recognized in a foreign corporate trust company to maintain, as trustee, in the courts of this State, a suit to foreclose a mortgage held by it, *not as its own property,* but solely in a trust capacity for some one else as the real party in interest.

In this case it appears that the Toledo Trust Company is a foreign corporation. As such it has attempted to come into the Circuit Court of Polk County, Florida, admittedly *in its capacity as trustee* on behalf of another, Katherine M. Kinsey, who is shown to be the real party in interest.

The Toledo Trust Company by so doing, is unquestionably performing a forbidden "trust function" in this State that can not be performed by a foreign trust company in view of Chapter 9287, Acts 1933, *supra,* in that it is functioning as a litigant in this State in its trust capacity, and is also acting in this State as a fiscal agent for Katherine M. Kinsey in the collection of money by means of this suit to enforce the mortgage owned by Mrs. Kinsey.

And in this proceeding no pretense is made that the Toledo Trust Company has any interest in the mortgage being foreclosed, except the interest that any corporate trustee for hire has in the performance of corporate trust

functions for its customers presumptively in consideration of the trust fee usually charged for whatever trust service it performs.

The fact that the Toledo Trust Company, as a foreign corporation, had turned over to it in Ohio the notes and mortgage involved in this suit, does not obviate the fact that, in attempting thereafter to enforce them by foreclosure in the Court of Florida not as owner, but in its capacity as trustee, is the exercise of a trust function in Florida where the suit must be conducted, the money is to be collected and a fiscal management exercised by it over the trust necessarily involved.

Where a person creates a trust and empowers a trustee to enforce a mortgage debt as a feature of that trust, it is clear that the foreclosure of the trust mortgage will be the exercise of a trust function on the part of the trustee, where it can have no justiciable interest in such mortgage except to bring suit on it in a representative capacity. Hence it must necessarily follow that one undertaking to sue as trustee is engaged in the exercise of a trust function that is a part of the execution of the trust relationship out of which the power to sue must arise. And since a mortgage on real estate can only be foreclosed in the State where the mortgaged real estate is situate, it follows that in order to maintain suit for foreclosure of such mortgage the trustee complainant in foreclosure must have a recognizable status as a trustee in the State where the suit is to be brought, in order to maintain a foreclosure suit at all.

The Toledo Trust Company knew that as a foreign corporation it could not lawfully exercise the trust function of bringing suit to foreclose a mortgage in Florida *in its capacity as trustee*. Therefore it should have declined the trust insofar as it involved an attempt to bring foreclosure

on the mortage involved, or applied to the courts of Florida to name a domestic trustee to maintain the suit on a showing of its own inability to perform the trust function of suing as a corporate trustee in the Florida Courts.

The statutes of this State relating to trust companies were passed to prevent the very thing that is now being attempted to be justified on the part of the Toledo Trust Company. To sustain its assumption to act in this case in effect nullifies the beneficent purposes of Florida trust company statutes, withdraws from the protection of domestic trust companies the protection which they are entitled to have in consideration of the heavy burdens of regulation placed upon them as a condition precedent to compliance with Florida laws, and leaves the way open for foreign trust companies, subject to no Florida regulation, making no Florida deposits of securities, consenting to no service of process from the courts of this State upon them, and in direct evasion of our trust and banking laws, to maintain suits in Florida Courts in their capacity as trustees, which in many instances would constitute the only function of a trust character that any foreign corporation dealing at long range in unregulated competition with Florida banks and trust companies would ever have to actually transact in this State to enjoy the profits of a mortgage trustee business.

My view is that the State of Florida has the constitutional right to close the doors of its courts against the recognition of foreign corporations as litigants *when they undertake to litigate on behalf of others in their capacity as trustee for hire,* and not in any lawful right of their own sought to be asserted as holder of an enforcable obligation.

I can see no justification for judicially frittering away the statutory prohibitions on this subject against foreign corporations acting *for others as trustee* in making themselves

the complainants in our courts to enforce rights on behalf of their paying clients.

I think the decree appealed from is erroneous and should be reversed with directions to dismiss the suit without prejudice to its reinstitution in the name of a proper party complainant.

BROWN, J., concurs.

## ON REHEARING.

PER CURIAM.—On rehearing and after reargument before the Court *en banc,* Mr. Chief Justice WHITFIELD, Mr. Justice TERRELL and Mr. Justice BUFORD adhere to the original opinion of the Court filed herein on November 9, 1934. Mr. Justice ELLIS, Mr. Justice BROWN and Mr. Justice DAVIS are of the opinion that this case is controlled by the opinion and decision of this Court in Richardson v. South Florida Mortgage Co., 102 Fla. 313, 136 Sou. Rep. 393, and that under an application of that decision to this case, the decree ought to be reversed with directions to dismiss the bill as not authorized to be maintained by appellee under the foreign trust company statutes of this State, but without prejudice to a reinstitution of the suit in the name of an authorized party complainant.

There being an equal division of this Court on the last stated proposition by law, but the court as a whole being otherwise in agreement with the opinion heretofore adopted and filed in this cause, the result is that the particular proposition of law upon which the court is now equally divided will be left open for future consideration and determination as a precedent, but the present decree appealed from will stand affirmed on the authority of State *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 Sou. Rep. 51.

Reaffirmed on rehearing.

▮▮▮▮▮▮

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.