E. Ray Grant, Appellant, v. West End Pine Building Corporation et al. Dr. William H. Leffler, Appellee.

Gen. No. 37,425.

Opinion filed February 13, 1935.

ARTHUR ABRAHAM, of Chicago, for appellant.

No appearance for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal by E. Ray Grant, as trustee, from an order of the chancellor of the superior court directing him to buy in certain property at the foreclosure sale, for the benefit of the bondholders. The foreclosure proceeding was originally brought by Russell Firebaugh, as trustee, under the trust deed in question. Firebaugh subsequently resigned and the complainant Grant succeeded him as trustee under said trust deed and carried on the foreclosure proceedings to the decree of sale. At the time of the entry of this order directing the sale of the property or shortly thereafter, the chancellor entered an order directing Grant, as trustee or successor trustee, to bid at the sale on the premises described in the trust deed for the benefit of the bondholders. The amount to be paid as a purchase

price to be the amount due under the decree plus interest, less the sum of $25,000, the probable income from the property during the period of redemption. The order also provided that the trustee should hold title subject to the further order of the court. This appeal is by the successor trustee from the order directing him to purchase. We are not benefited by briefs on behalf of any other party to the litigation, but counsel for the trustee has fully presented both sides of this question for our consideration.

The trust deed provides that in case of default in principal or interest the trustee in his discretion and without any action on the part of the bondholder or bondholders may declare the principal to be due and immediately payable; that he may institute such suit in equity or at law to enforce or protect his rights or the rights of his bondholders as he may deem proper; that he may institute proceedings to foreclose the trust deed and to obtain a sale of the premises under order of court; at any such sale any bondholder or the trustee may bid for or purchase said premises or any part thereof and in making settlement or payment for the property purchased, may use and apply any bonds and any matured and unpaid coupons secured by the trust agreement, and such bonds or coupons shall be credited upon the sum applicable to the payment for the property out of the net proceeds of such sale; that all powers and rights of action in this trust deed may be exercised by the trustee, at his election, without the possession or production of any of said bonds or coupons, or proof of ownership thereof, and the trustee shall not be personally liable for any debts contracted by him; that the trustee shall be deemed the representative of the bondholders and that any action taken by the trustee shall be conclusive and binding upon any bondholder claiming under this trust deed; that any successor in trust shall have identically the same title

to said premises and the same rights, powers and duties as are imposed upon the trustee.

It is the position of the successor in trust, Grant, that he does not feel secure in carrying out the order of the chancellor in directing him to purchase the property as outlined in the order hereinbefore set forth and for that reason has appealed to this court. The precise question has already been passed upon by the Appellate Court in this district in the case of *Straus v. Chicago Title & Trust Co.*, 273 Ill. App. 63, in which the trust deed contained almost verbatim the provisions already referred to in the instrument under consideration here. In that case the question came up on the appeal of an intervening petition by one of the bondholders, praying that the chancellor direct the trustee to purchase for the benefit of bondholders up to and including an amount not in excess of the amount of the bonds and accrued interest. The court in its opinion said:

"It is a universal rule of law that a trustee is in duty bound to see that the property intrusted to his care is not lost to the beneficiaries. Courts will take judicial notice that property sold under foreclosure seldom, if ever, brings a figure at all commensurate with its value, and that under the present financial condition of the country there is great depreciation in the values of real estate, and that a foreclosure sale of property will bring far less now than in normal times. *Atchison, T. & S. F. Ry. Co. v. United States*, 284 U. S. 248; *Morris Plan Bank of Richmond v. Henderson*, 57 F. (2d) 326. In these circumstances we think the property in question ought not to be sold at a price which will result in great loss to the bondholders, if this can be avoided by having the property bid in for the amount of the indebtedness, by the trustee, for their use and benefit. Of course it may be said that any sale made by the master must first be approved by the court before it is binding and in this way the bond-

holders are protected. But since the decree expressly provides that the property is to be sold at once, we think the trustee ought to be directed to bid the amount of the indebtedness unless a cash bid is received equal to the upset price established by the court.

"The trust deed provides that in case of default the trustee may, without any action on the part of. any bondholder, declare all bonds immediately due and payable, and may proceed to protect the trust by any means which he may deem most effectual; that in case of a foreclosure sale of the property, any bondholder or the trustee may bid and purchase the property and apply the amount due on the bonds in payment of his bid; that the powers, duties and rights of the trustee may be exercised by him 'without the possession or production of any of such bonds or coupons or proof of ownership thereof'; that in all suits or transactions relating to the trust deed or the mortgaged property the trustee is deemed to be the representative of the bondholders, and that in no case shall it be necessary for him to notify any bondholder or make any bondholder a party to any suit or proceeding. Under these provisions we think the trustee may foreclose the trust deed, purchase the property at the sale for the benefit of the bondholders, and apply the amount due on the bonds, as found by the decree, in payment of his bid without the production of the bonds, all of which, of course, will be subject to the approval of the chancellor, who will protect the rights of each and every bondholder. *Hoffman v. First Bond & Mortgage Co. of Hartford, Inc.,* 116 Conn. 320; *Nay Aug Lumber Co. v. Scranton Trust Co.,* 240 Pa. St. 500; *First Nat. Bank of Wichita v. Neil,* 137 Kan. 436; *Silver v. Wickfield Farms,* 209 Iowa 856; *Sturges v. Knapp,* 31 Vt. 1; *Werner, Harris & Buck v. Equitable Trust Co.,* 35 F. (2d) 513 (C. C. A.)." The court in its opinion fully set forth and analyzed the cases in support of its position and since its rendition, that case has been referred to

and quoted at length with approval in the case of *Kitchen Bros. Hotel Co. v. Omaha Safe Deposit Co.,* 126 Neb. 744, 254 N. W. 507.

It is insisted in the proceeding here for consideration that in the event the trustee should purchase the property, a condition of great confusion would arise inasmuch as the bondholders, by reason of the purchase by the trustee, would become the beneficial holders of an interest in real estate; that dower interests in favor of the wives and husbands of the bondholders would attach to this interest; that the property would be subject to partition by every bondholder; would be subject to a lien for judgment and the title could be divested only by a partition suit including unusual complications. The same objections were made and considered in *Straus v. Chicago Title & Trust Co., supra.* Evidently the court in that case did not consider the question of future contingencies as controlling in the consideration of the immediate question before it.

In the case at bar we are unable to see why the trustee should be concerned with what may or may not arise in the future. These matters can be taken care of by the chancellor as they arise, if they should, and the trustee purchasing the property at the direction of the court will be fully protected.

The question as to the right vested in the trustee to purchase the property in his discretion was also considered in the case of *Straus v. Chicago Title & Trust Co., supra.* In its opinion, the court said:

"We think it further appears that the discretion of the trustee as to whether he will purchase the property at the sale is not conclusive upon the chancellor. *Corkery v. Dorsey,* 223 Mass. 97."

We do not feel called upon to give an anticipatory opinion or to pass upon or decide the rights of others in the interests of the respective bondholders, nor do we see any reason for departing from the opinion al-

ready expressed on this subject as outlined by the court, of which this division is a part, and for the reasons stated, the order of the chancellor of the superior court directing the trustee to purchase the property for the benefit of the bondholders is affirmed.

*Order affirmed.*

HEBEL, P. J., and HALL, J., concur.