AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO and another, Respondents, vs. EDITH ROCKEFELLER MCCORMICK TRUST and others, Defendants: BUSBEY and others, Appellants.

*November 12, 1936—February 9, 1937.*

For the appellants there was a brief by *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, attorneys for Fred E. Busbey, and *Wilhartz, Hirsch & Schanfarber* of Chicago, Illinois, attorneys for Maurice B. Rissman and Carl M. Baldwin, and oral argument by *Roy S. Stephenson*.

*George W. Taylor* of Kenosha, for the respondents.

The following opinion was filed December 8, 1936:

ROSENBERRY, C. J.    The trust deed as originally signed, acknowledged, and delivered named the Chicago Title & Trust Company as trustee and Abel Davis as cotrustee.    Subsequently the Chicago Title & Trust Company resigned as trustee and the Trust Company was appointed successor trustee. It is the contention of the appealing defendants that because the Trust Company had not complied with the provisions of sec. 226.02 (2), (3) (f), Stats., by filing a power of attorney, etc., it was without legal capacity to maintain the action. It is argued that what the Trust Company did as disclosed by the record in this case amounts to a transaction of business within the state of Wisconsin for the reason that what it did as trustee was to administer an active rather than a dry trust. To this proposition *Haugan v. Michalopoulos* (1935), 280

Ill. App. 239, and other cases are cited. The contention that the trust was an active rather than a dry trust must be sustained.

It is considered, however, that the real question for consideration here is the construction of the proviso contained in sec. 226.02, Stats. The Trust Company was not appointed successor trustee until September 7, 1933, although the trust deed was executed and delivered in 1924. By sec. 226.02 (1) foreign corporations are prohibited from transacting business or acquiring or holding property within this state until they have complied with the provisions of ch. 226, Stats., by filing a copy of the articles of incorporation and complying with other provisions of the statute.

Sec. 226.02 (2), Stats., provides: *"Exception to license requirement.* Any foreign corporation may without being licensed to do business in this state loan money here, and take, acquire, hold and enforce notes, bonds, mortgages or trust deeds given to represent or secure money so loaned or for other lawful consideration, and all such notes, bonds, mortgages or trust deeds which shall be taken, acquired or held by any such foreign corporation shall be as enforceable as though it were an individual, including the right to acquire the mortgaged property upon foreclosure, or in virtue of the provisions of the mortgage or trust deed, and to dispose of the same; provided, that any such corporation which shall transact the business above provided for shall first file with the secretary of state a statement signed by its president, . . . as provided in paragraph (f) of subsection (3). . . ."*

In the recent case of *Muldowney v. McCoy Hotel Co., ante,* p. 62, 269 N. W. 655, we had occasion to consider again the effect of sec. 226.02 (2), Stats., upon a contract to loan money made by a foreign corporation without the state of Wisconsin. It is unnecessary to repeat here what was said there because it is as applicable to a loan made by a trust company as to a loan made by any other foreign corporation. It appearing without dispute that the entire transaction under

consideration in this case occurred without the state and in the state of Illinois, it is valid and enforceable by the trustee as provided in sec. 226.02 (2). The Trust Company had therefore legal capacity to maintain the action and it may enforce the judgment as therein provided.

In this case there is no claim or allegation that the Chicago Title & Trust Company was not authorized to transact business in this state so that the transaction as originally made is not questioned. The question presented is as to the capacity of the Trust Company appointed a successor trustee in 1933, to administer the trust. As already indicated, if a foreign trust company had power to make the loan in the first instance and enforce it for the benefit of bondholders, the mere fact that the loan was made by a prior trustee would not prevent the successor trustee from enforcing the security.

In *Union Trust Co. of Maryland v. Rodeman* (1936), 220 Wis. 453, 264 N. W. 508, it was held that where it appears that one trustee has capacity and is qualified to act, that is sufficient to sustain the judgment. We need not inquire in this case whether Kilpatrick, as successor trustee to Abel Davis, the original trustee, was designated in compliance with the original trust instrument. It is held that the Trust Company had capacity to act as successor trustee, that the judgment of foreclosure was properly entered and is a valid judgment, enforceable in accordance with the provisions of the statute.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on February 9, 1937.