SHOREHAM OPERATING COMPANY v. LAND TITLE BANK AND TRUST COMPANY, a . Pennsylvania Corporation, as Trustee under the last Will and Testament of LAURENCE B. LEVY, deceased.

191 So. 497

Opinion Filed October 10, 1939

Rehearing Denied November 2, 1939

Meyer, Davis & Weiss, for Petitioner;

McKay, Dixon & DeJarnette, for Respondent.

TERRELL, C. J.—In his last will and testament, Laurence B. Levy devised real estate located in the City of Miami Beach to the Respondent to be held in trust for the benefit of others. In April, 1937, Respondent instituted an action in trespass quare clausum. fregit against petitioner in the Civil Court of Record for Dade County to recover damages for trespassing on said lands. A motion to dismiss the declaration suggesting that the plaintiff was a foreign corporation and had not qualified to do business in this State as required by Section 6145, Compiled General Laws of 1927,

228

was granted. Writ of error was prosecuted to the Circuit Court where the latter judgment was reversed. The cause comes here by certiorari.

The question presented is whether or not a foreign trust company not having qualified to do business in this State as required by law but holding lands in trust under a will for the benefit of others and located in this State, is precluded from bringing and maintaining an action to recover damages for trespassing on said lands.

This question was answered contrary to the contention of petitioner in Taylor, et ux., v. Toledo Trust Company, 119 Fla. 90; 160 So. 366. In other words, under the holding in that case, an action for trespass would not be such a trust function as would require Respondent to qualify to do business in this State in order to perform it. Chapter 18399 was passed, after the last named decision was rendered and became effective June 10, 1937. It requires any trustee of real estate to qualify under the laws of this State before bringing an action of the kind brought in question but having been brought April 16, 1937, prior to the effective date of the latter Act and the will having been executed long prior thereto, it has no application to this case.

The writ of certiorari is therefore quashed.

It is so ordered.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.